ANDERSON, Respondent, v. FREEMAN, Appellant.

(167 N. W. 143.)

(File No. 4278.   Opinion filed March 26, 1918.   Rehearing denied May 7, 1918.)

1.  **Trials—Appeal—Claim and Delivery—Evidence—Verdict, Uncontradicted Statement, As Controlled By.**

Where, in claim and delivery, the evidence is contradictory except as to that of one witness, who testified as to time when he purchased the machine in defendant's possession and sold by him to defendant, the verdict is controlling upon that question.

2. New Trials—Passion and Prejudice, re Damages—Verdict Less Than Testimony Justified, Effect.

Where, in claim and delivery for an auto, a new trial was sought because verdict showed passion and prejudice of jury in finding damages for $62, trial court having recited in the judgment that evidence was ample to sustain the corrected item of $35 damages, the minimum value of the auto testified to by any witnesses being $350, the verdict placing its value at only $300, such verdict refutes any question of passion or prejudice.

3. New Trials—Claim and Delivery—Damages for Detention, Value of Time, Verdict as Controlling.

Where, in claim and delivery, a verdict for damages was reduced by trial court to $35, judgment reciting evidence was ample to sustain that amount, the contention that evidence was only sufficient to sustain an item of $17 damages, under Civ. Code, Sec. 2315, Subd. 3, providing that the detriment caused by wrongful conversion of personalty is presumed to be a fair compensation for time and money properly expended in pursuit of the property, is untenable; evidence being sufficient to show expenditure of at least $30 in pursuit of property; and the verdict should not be reduced, although there was no express testimony of value of plaintiff's time so expended.

Appeal from Circuit Court, Codington County. Hon. CARL G. SHERWOOD, Judge.

Action by E. M. Anderson, a minor, by Andy E. Foley, as guardian ad litem, against Charles Freeman, for possession of an automobile, and for damages for its detention. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Sherin & Sherin,* for Appellant.

*Loucks, Hasche & Foley,* for Respondent.

GATES, J. Action for the possession of an automobile. Verdict for plaintiff for $300 as the value of the auto, $4.37 as interest and $62 as damages. Before the entry of judgment plaintiff elected to reduce the item of $62 to $35, whereupon judgment was entered accordingly. Defendant appeals from the judgment and from the denial of a new trial, and raises three questions.

[1]    It is first contended that the evidence was insufficient to establish the identity of the machine in defendant's possession as the one owned by plaintiff. With one exception the evidence is contradictory. As to the exception, the jury evidently did not believe the uncontradicted statement of an interested person as to the time he purchased the machine in defendant's possession and sold by him to defendant. We think the verdict is controlling upon that question.

[2]    It is next contended that the verdict showed passion and prejudice on the part of the jury because it returned a verdict for $62 damages. The trial court recited in the judgment that there was ample evidence to sustain the corrected item of $35 damages. The minimum value of the machine testified to by any witness was $350; yet the verdict only placed the value at $300. We think this amply refutes any question of passion or prejudice.

[3]    It is next contended that the evidence was only sufficient to sustain an item of $17 for damages, that is, under subdivision 3, § 2315, C. C. There was sufficient evidence to show at least the expenditure of $30 by plaintiff in pursuit of the property; and, although there was no express testimony showing the value of plaintiff's time for the two days so spent, we cannot say that the verdict should be further reduced in view of the above recital in the judgment.

Finding no error in the record, the judgment and order appealed from are affirmed.